

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-7-2002

# Radoncic v. Zemski

Precedential or Non-Precedential:

Docket 1-1074

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Radoncic v. Zemski" (2002). *2002 Decisions.* Paper 6.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/6

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 01-1074


SABRIJA RADONCIC, UNITED STATES EX REL.

v.

CHARLES ZEMSKI

Charles Zemski, Acting District Director
Immigration and Naturalization Service,
                                    Appellant


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 00-cv-04394)
District Judge:  Hon. Bruce W. Kauffman


Argued September 20, 2001

Before:  SLOVITER, NYGAARD and McKEE, Circuit Judges

(Filed: January 4, 2001)


Michael L. Levy
     United States Attorney
Linda Shafer Bocchino
     Assistant United States Attorney
Philadelphia, PA 19106-4476

Stuart E. Schiffer
    Acting Assistant Attorney General
David J. Kline
    Principal Deputy Director
                  Hugh G. Mullane      (ARGUED)
    Senior Litigation Counsel
Office of Immigration Litigation
Civil Division
United States Justice Department
Washington, D.C. 20044

    Attorneys for Appellant

            James J. Orlow (ARGUED)
Philadelphia, PA 19106

    Attorney for Appellee

Marvin E. Frankel
Jeffrey S. Trachtman
Jennifer L. Rochon
Kramer Levin Naftalis & Frankel LLP
New York, New York 10022

Nancy Morawetz
Washington Square Legal Services, Inc.
New York, New York 10012

    Attorneys for Amici Curiae,
    Citizens and Immigrants for Equal Justice and
    American Immigration Lawyers Association

MEMORANDUM OPINION OF THE COURT


SLOVITER, Circuit Judge.

    Sabrija Radoncic, a citizen and native of Serbia-Montenegro, entered the United
States without inspection in March 1991.  He resided in New York with his wife, also a
citizen and native of Serbia-Montenegro, and their two minor United States citizen
children.  In November 1993, Radoncic and his wife, who are Muslims, applied for
asylum on the basis of religious persecution.  In March 1996, the Immigration and
Naturalization Service ("INS") issued Orders to Show Cause charging Radoncic and his
wife with deportability for entering the country without inspection pursuant to former
Immigration and Naturalization Act ("INA")  241(a)(1)(B), 8 U.S.C. 1251(a)(1)(B).

At a hearing before an immigration judge ("IJ") on July 24, 1996, Radoncic and his wife conceded deportability as charged, but requested asylum, withholding of deportation, and voluntary departure in the alternative. Radoncic also sought withholding or deferral of removal pursuant to Article 3 of the Convention Against Torture. The INS set a hearing date of September 25, 1997.

On August 15, 1996, Radoncic was arrested by the United States Border Patrol in Vermont and charged with smuggling other Muslims from Serbia-Montenegro into the United States. He was held in custody until August 29, 1996 when a $5000 bond was posted and he was released from custody. Radoncic remained free from custody throughout the duration of the criminal trial. On motion by the INS on August 25, 1997, the IJ presiding over Radoncic's deportation proceedings adjourned the proceedings pending the result of the criminal case inasmuch as that outcome would affect Radoncic's eligibility for relief. The hearing was reset for March 4, 1998.

On January 25, 1999, Radoncic was convicted of smuggling aliens into the United States in violation of 8 U.S.C. 1324(a)(1)(A)(i) and of conspiracy to smuggle aliens into the United States in violation of 18 U.S.C. 371. Radoncic was sentenced to eighteen months in prison and he voluntarily surrendered to serve on February 23, 1999. In imposing the sentence the presiding judge, Judge William K. Sessions III of the United States District Court for the District of Vermont, stated,

> The Court finds this to be an extraordinary situation. Whether or not profit was gained, the defendant did not become wealthy. The major purpose was in service of his community in Yugoslavia and Astoria, NY. Also, the Court finds that this defendant is not a dangerous person. Therefore, the Court strenuously recommends that this defendant not be deported upon completion of his sentence and that this statement from the Court be sent to the Immigration Court.

App. at 15.

At the March 4, 1998 hearing, the IJ noted that Radoncic had been convicted and would be sentenced at a later date. On this basis, the IJ found Radoncic ineligible for asylum but potentially still eligible for withholding of deportation and set an individual

hearing date for April 20, 1998.  On April 20, 1998, Radoncic testified in support of his applications for relief during part of a multi-day hearing in which testimony and evidence was offered regarding his eligibility for relief.  He claimed that as a Muslim he was subjected to repeated discrimination and threats by Serbian authorities, including a four-month prison sentence for not responding to a draft notice, and feared future persecution should he be forced to return.  On April 11, 2000, the IJ concluded that Radoncic was not credible based on his submission of two fraudulent conviction documents which purported to show that he had been convicted of hostile activity against Yugoslavia, as well as inherent inconsistencies in his evidence.  The judge subsequently denied Radoncic's application for relief from deportation and ordered that he be removed to Serbia-Montenegro.  An appeal from that decision to the Board of Immigration Appeals ("BIA") was pending at the time of oral arguments.  Since that time, we have learned that the BIA denied Radoncic's appeal and Radoncic has filed a motion for reconsideration before the BIA as well as an appeal of the BIA's decision, currently pending before the Court of Appeals for the Second Circuit.

Upon Radoncic's release from federal incarceration in May 2000, the INS placed him in detention in the general population of the York County Prison, and denied him release from custody pursuant to INA  236(c), 8 U.S.C.  1226(c) (2001).  On August 28, 2000, Radoncic filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania challenging the constitutionality of his detention.  In his petition, Radoncic argued that detention without an individualized hearing on risk of flight or danger to the community violates his Fifth Amendment Due Process rights.  On November 8, 2000, the District Court granted his petition, finding that due process required an individualized hearing on the necessity of detention, and ordered Radoncic released from custody unless the government commenced an individualized evaluation within thirty days to determine if detention was necessary. Radoncic v. Zemski, 131 F. Supp. 2d 814 (E.D.Pa. 2000).  Additionally, the District Court ordered that if Radoncic demonstrated that he was not a threat to the community or

a flight risk, the government must immediately release him from custody on bond upon reasonable conditions.  Id. at 818-19.  The government timely appealed.

On November 29, 2000, Radoncic appeared before an IJ to request bond in light of the District Court order.  The IJ set bond at $5000 which Radoncic posted.  Radoncic is no longer in INS custody and awaits a decision from the Second Circuit on his appeal from the deportation order.

In Patel v. Zemski, No. 01-2398, 2001 U.S. App. LEXIS 26907, at *2 (3d Cir. Dec. 19, 2001), a case argued on the same day as the one before us here, the issue presented was whether an alien can be mandatorily detained pending a final determination on removal without any opportunity for an individualized determination of the alien's risk of flight or danger to the community.  After considering the arguments on behalf of the alien and the INS, we held that "mandatory detention of aliens after they have been found subject to removal but who have not yet been ordered removed because they are pursuing their administrative remedies violates their due process rights unless they have been afforded the opportunity for an individualized hearing at which they can show that they do not pose a flight risk or danger to the community."  Id. at *40.

Although the facts in Patel differ to some extent from those applicable to Radoncic, the legal issue is the same.  It follows that, as the District Court held, Radoncic was constitutionally entitled to an individualized assessment of the risk of flight and danger to the community on a current basis.  The relevant facts with respect to Radoncic, and their applicability to the factors that will determine whether he should be released or detained, are matters that can be considered by the judge presiding over that individualized assessment.

Accordingly, we will affirm the decision of the District Court.

_____

TO THE CLERK:

Please file the foregoing opinion.


/s/   Delores K. Sloviter
Circuit Judge